```
_____ FILED         _____ ENTERED
_____ LODGED        _____ RECEIVED

         JUL 26 2024
            AT SEATTLE
       CLERK U.S. DISTRICT COURT
   WESTERN DISTRICT OF WASHINGTON
BY                          DEPUTY
```

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ERIC NORTHROP,<br><br>Defendant. | NO. CR24-114 SKV<br><br>**PLEA AGREEMENT** |

The United States, through United States Attorney Tessa M. Gorman and Assistant United States Attorney Todd Greenberg of the Western District of Washington, and ERIC NORTHROP and his attorney Assistant Federal Public Defender Andrew Kennedy, enter into the following Plea Agreement, pursuant to Federal Rule of Criminal Procedure Rule 11(c)(1)(B).

1.     **The Charge**.  Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enters a plea of guilty to the following charge contained in the Information.

Plea Agreement - 1
*United States v. Northrop*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

a.       *Improper Storage of Explosive Material*, in violation of Title 18, United States Code, Section 842(j).

By entering this plea of guilty, Defendant hereby waives all objections to the form of the charging document. Defendant further understands that before entering any guilty plea, Defendant will be placed under oath. Any statement given by Defendant under oath may be used by the United States in a prosecution for perjury or false statement.

2.       **Elements of the Offense**. The elements of the offense to which Defendant is pleading guilty are as follows:

First, Defendant knowingly stored explosive materials; and

Second, Defendant stored such materials in a manner not in conformity with regulations promulgated by the Attorney General.

3.       **The Penalties**. Defendant understands that the statutory penalties applicable to the offense to which Defendant is pleading guilty are as follows: A maximum term of imprisonment of up to one year, a fine of up to $100,000.00, a period of supervision following release from prison of up to one year, and a mandatory special assessment of $25.00 dollars. If a probationary sentence is imposed, the probation period can be for up to five years.

Defendant understands that supervised release is a period of time following imprisonment during which Defendant will be subject to certain restrictive conditions and requirements. Defendant further understands that, if supervised release is imposed and Defendant violates one or more of the conditions or requirements, Defendant could be returned to prison for all or part of the term of supervised release that was originally imposed. This could result in Defendant serving a total term of imprisonment greater than the statutory maximum stated above.

Defendant understands that as a part of any sentence, in addition to any term of imprisonment and/or fine that is imposed, the Court may order Defendant to pay restitution to any victim of the offense, as required by law.

Plea Agreement - 2
*United States v. Northrop*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Defendant further understands that the consequences of pleading guilty may include the forfeiture of certain property, either as a part of the sentence imposed by the Court, or as a result of civil judicial or administrative process.

Defendant agrees that any monetary penalty the Court imposes, including the special assessment, fine, costs, or restitution, is due and payable immediately and further agrees to submit a completed Financial Disclosure Statement as requested by the United States Attorney's Office.

4.    **Rights Waived by Pleading Guilty.**  Defendant understands that by pleading guilty, Defendant knowingly and voluntarily waives the following rights:

a.    The right to plead not guilty and to persist in a plea of not guilty;

b.    The right to a speedy and public trial before a jury of Defendant's peers;

c.    The right to the effective assistance of counsel at trial, including, if Defendant could not afford an attorney, the right to have the Court appoint one for Defendant;

d.    The right to be presumed innocent until guilt has been established beyond a reasonable doubt at trial;

e.    The right to confront and cross-examine witnesses against Defendant at trial;

f.    The right to compel or subpoena witnesses to appear on Defendant's behalf at trial;

g.    The right to testify or to remain silent at trial, at which trial such silence could not be used against Defendant; and

h.    The right to appeal a finding of guilt or any pretrial rulings.

5.    **United States Sentencing Guidelines**.  Defendant understands and acknowledges that the Court must consider the sentencing range calculated under the United States Sentencing Guidelines and possible departures under the Sentencing

Plea Agreement - 3
*United States v. Northrop*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Guidelines together with the other factors set forth in Title 18, United States Code, Section 3553(a), including: (1) the nature and circumstances of the offense(s); (2) the history and characteristics of Defendant; (3) the need for the sentence to reflect the seriousness of the offense(s), to promote respect for the law, and to provide just punishment for the offense(s); (4) the need for the sentence to afford adequate deterrence to criminal conduct; (5) the need for the sentence to protect the public from further crimes of Defendant; (6) the need to provide Defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the need to avoid unwarranted sentence disparity among defendants involved in similar conduct who have similar records. Accordingly, Defendant understands and acknowledges that:

      a.    The Court will determine Defendant's Sentencing Guidelines range at the time of sentencing;

      b.    After consideration of the Sentencing Guidelines and the factors in 18 U.S.C. § 3553(a), the Court may impose any sentence authorized by law, up to the maximum term authorized by law;

      c.    The Court is not bound by any recommendation regarding the sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines range offered by the parties or the United States Probation Department, or by any stipulations or agreements between the parties in this Plea Agreement; and

      d.    Defendant may not withdraw a guilty plea solely because of the sentence imposed by the Court.

6.    **Ultimate Sentence**.  Defendant acknowledges that no one has promised or guaranteed what sentence the Court will impose.

Plea Agreement - 4
*United States v. Northrop*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

7.     **Statement of Facts**.  The parties agree on the following facts.  Defendant admits Defendant is guilty of the charged offenses:

On August 3, 2023, Seattle Police Department officers were executing an Extreme Risk Protection Order warrant at Eric Northrop's residence located in Seattle, Washington. During the execution of the warrant, officers located numerous items of military ordnance, including explosive materials such as blasting caps, M73 rockets, riot grenades, smoke grenades, and military time fuses. These explosive materials were stored in a room in boxes and other standard containers, in a manner that was not in conformity with regulations promulgated by the Attorney General in the Code of Federal Regulations. Defendant admits these explosive materials were involved or used or intended to be used in this offense.

The parties agree that the Court may consider additional facts contained in the Presentence Report (subject to standard objections by the parties) and/or that may be presented by the United States or Defendant at the time of sentencing, and that the factual statement contained herein is not intended to limit the facts that the parties may present to the Court at the time of sentencing.

8.     **Sentencing Factors**.  The parties agree they are free to present arguments regarding the applicability of all provisions of the United States Sentencing Guidelines. Defendant understands, however, that at the time of sentencing, the Court is free to apply additional downward or upward adjustments in determining Defendant's Sentencing Guidelines range.

9.     **Agreed Sentencing Recommendation Regarding Imprisonment**. Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the parties jointly agree to recommend a sentence of five years of probation. Defendant further agrees that: (a) Defendant will not file a motion or make a request of any sort for the Court to reduce the length of the term of probation; and (b) Defendant will recommend that, as a condition of probation, he shall not possess any firearm, ammunition, or explosives. Defendant understands that these recommendations are not binding on the Court and the Court may reject the recommendations of the parties and may impose any term of imprisonment up

Plea Agreement - 5
*United States v. Northrop*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  to the statutory maximum penalty authorized by law. Defendant further understands that

2  Defendant cannot withdraw a guilty plea simply because of the sentence imposed by the

3  Court. Except as otherwise provided in this Plea Agreement, the parties are free to

4  present arguments regarding any other aspect of sentencing.

5        10.  **Forfeiture of Assets**.  Defendant understands the forfeiture of property is

6  part of the sentence that must be imposed in this case. Defendant agrees to forfeit to the

7  United States immediately all of his right, title, and interest in any and all explosive

8  materials involved or used or intended to be used in his commission of *Improper Storage*

9  *of Explosive Material*, the offense set forth in Count 1 of the Information. This property

10  is subject to forfeiture pursuant to Title 18, United States Code, Section 844(c), and

11  includes but is not limited to the explosive materials described in paragraph 7.

12        Defendant agrees to fully assist the United States in the forfeiture of the above-

13  described property and to take whatever steps are necessary to pass clear title to the

14  United States, including but not limited to: surrendering title and executing any

15  documents necessary to effect forfeiture; assisting in bringing any property located

16  outside the United States within the jurisdiction of the United States; and taking whatever

17  steps are necessary to ensure that property subject to forfeiture is not sold, disbursed,

18  wasted, hidden, or otherwise made unavailable for forfeiture.  Defendant agrees not to

19  file a claim to any such property in any federal forfeiture proceeding, administrative or

20  judicial, which may be or has been initiated.  Defendant also agrees he will not assist

21  anyone else who may file a claim to this property in any federal forfeiture proceeding.

22        The United States reserves its right to proceed against any remaining property not

23  identified in this Plea Agreement, including any property in which Defendant has any

24  interest or control, if said assets constitute explosive materials involved or used or

25  intended to be used in his commission of *Improper Storage of Explosive Material*, the

26  offense set forth in Count 1 of the Information.

27

Plea Agreement - 6
*United States v. Northrop*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

11.     **Abandonment of Contraband**.  Defendant also agrees that, if any federal law enforcement agency seized any illegal contraband that was in Defendant's direct or indirect control, Defendant consents to the federal administrative disposition, official use, and/or destruction of that contraband.

12.     **Non-Prosecution of Additional Offenses**.  As part of this Plea Agreement, the United States Attorney's Office for the Western District of Washington agrees not to prosecute Defendant for any additional offenses known to it as of the time of this Plea Agreement based upon evidence in its possession at this time, and that arise out of the conduct giving rise to this investigation. In this regard, Defendant recognizes the United States has agreed not to prosecute all of the criminal charges the evidence establishes were committed by Defendant solely because of the promises made by Defendant in this Plea Agreement.  Defendant agrees, however, that for purposes of preparing the Presentence Report, the United States Attorney's Office will provide the United States Probation Office with evidence of all conduct committed by Defendant.

Defendant agrees that any charges to be dismissed before or at the time of sentencing were substantially justified in light of the evidence available to the United States, were not vexatious, frivolous or taken in bad faith, and do not provide Defendant with a basis for any future claims under the "Hyde Amendment," Pub. L. No. 105-119 (1997).

13.     **Breach, Waiver, and Post-Plea Conduct**.  Defendant agrees that, if Defendant breaches this Plea Agreement: (a) the United States may withdraw from this Plea Agreement and Defendant may be prosecuted for all offenses for which the United States has evidence; (b) Defendant will not oppose any steps taken by the United States to nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea Agreement; and (c) Defendant waives any objection to the re-institution of any charges that previously were dismissed or any additional charges that had not been prosecuted.

Plea Agreement - 7
*United States v. Northrop*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Defendant further understands that if, after the date of this Plea Agreement, Defendant should engage in illegal conduct, or conduct that violates any conditions of release or the conditions of confinement (examples of which include, but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the Pretrial Services Officer, Probation Officer, or Court), the United States is free under this Plea Agreement to file additional charges against Defendant or to seek a sentence that takes such conduct into consideration by requesting the Court to apply additional adjustments or enhancements in its Sentencing Guidelines calculations in order to increase the applicable advisory Guidelines range, and/or by seeking an upward departure or variance from the calculated advisory Guidelines range. Under these circumstances, the United States is free to seek such adjustments, enhancements, departures, and/or variances even if otherwise precluded by the terms of the Plea Agreement.

14.     **Waiver of Appellate Rights and Rights to Collateral Attacks.** Defendant acknowledges that, by entering the guilty plea(s) required by this Plea Agreement, Defendant waives all rights to appeal from Defendant's conviction, and any pretrial rulings of the Court, and any rulings of the Court made prior to entry of the judgment of conviction. Defendant further agrees that, provided the Court imposes a custodial sentence that is within or below the Sentencing Guidelines range as determined by the Court at the time of sentencing, Defendant waives to the full extent of the law:

a.     Any right conferred by Title 18, United States Code, Section 3742, to challenge, on direct appeal, the sentence imposed by the Court, including any fine, restitution order, probation or supervised release conditions, or forfeiture order (if applicable); and

b.     Any right to bring a collateral attack against the conviction and sentence, including any restitution order imposed, except as it may relate to the effectiveness of legal representation.

Plea Agreement - 8
*United States v. Northrop*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1    This waiver does not preclude Defendant from bringing an appropriate motion

2 pursuant to 28 U.S.C. § 2241, to address the conditions of Defendant's confinement or

3 the decisions of the Bureau of Prisons regarding the execution of Defendant's sentence.

4    If Defendant breaches this Plea Agreement at any time by appealing or collaterally

5 attacking (except as to effectiveness of legal representation) the conviction or sentence in

6 any way, the United States may prosecute Defendant for any counts, including those with

7 mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea

8 Agreement.

9    15.    **Voluntariness of Plea**.  Defendant agrees that Defendant has entered into

10 this Plea Agreement freely and voluntarily, and that no threats or promises were made to

11 induce Defendant to enter a plea of guilty other than the promises contained in this Plea

12 Agreement or set forth on the record at the change of plea hearing in this matter.

13    16.    **Statute of Limitations**.  In the event this Plea Agreement is not accepted

14 by the Court for any reason, or Defendant breaches any of the terms of this Plea

15 Agreement, the statute of limitations shall be deemed to have been tolled from the date of

16 the Plea Agreement to: (1) thirty (30) days following the date of non-acceptance of the

17 Plea Agreement by the Court; or (2) thirty (30) days following the date on which a breach

18 of the Plea Agreement by Defendant is discovered by the United States Attorney's

19 Office.

20 //

21 //

22 //

23 //

24 //

25 //

26 //

27 //

Plea Agreement - 9
*United States v. Northrop*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

17.     **Completeness of Plea Agreement**.  The United States and Defendant acknowledge that these terms constitute the entire Plea Agreement between the parties, except as may be set forth on the record at the change of plea hearing in this matter. This Plea Agreement binds only the United States Attorney's Office for the Western District of Washington. It does not bind any other United States Attorney's Office or any other office or agency of the United States, or any state or local prosecutor.

Dated this ___ day of July, 2024.


_____
ERIC NORTHROP
Defendant


_____
ANDREW KENNEDY
Assistant Federal Public Defender
Attorney for Defendant


_____
TODD GREENBERG
Assistant United States Attorney

Plea Agreement - 10
*United States v. Northrop*